```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Cheryl L. Ray, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>Nancy A. Berryhill, Acting )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>          Defendant. )<br>_____) | Civil Action No. 2:16-114-BHH<br><br>**ORDER** |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Cheryl L. Ray's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of the United States Magistrate Judge Mary Gordon Baker, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. After being granted an extension of time, Plaintiff filed written objections to the Report, and the Commissioner filed a response to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

**BACKGROUND**

Plaintiff filed her application for DIB on March 7, 2012, alleging disability beginning

on October 2, 2002. Her application was denied initially and upon reconsideration. On August 1, 2014, Administrative Law Judge ("ALJ") Richard L. Vogel held a hearing at which Plaintiff appeared. The ALJ issued an unfavorable decision on September 11, 2014. Subsequently, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision denying benefits the final decision of the Commissioner for purposes of judicial review.

On May 23, 2017, the Magistrate Judge issued a 54-page Report, which includes a thorough recitation of the facts and medical evidence. The Court incorporates by specific reference the facts and medical evidence contained in the Report and does not repeat this information in this order except to the extent necessary to address Plaintiff's objections.

## **STANDARDS OF REVIEW**

### I.   **The Magistrate Judge's Report**

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II.   **Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final

2

decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I. The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is

3

> sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period between her alleged onset date through her date last insured of December 31, 2007. At step two, the ALJ found that through the date last insured, Plaintiff had the following severe combination of impairments: chronic lumbar pain and dysfunction. Next, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). At step four, the ALJ determined that through the date last insured Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). Next, the ALJ determined

4

that Plaintiff was unable to perform any past relevant work. Finally, the ALJ concluded that, based upon Plaintiff's age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that she could have performed. Therefore, the ALJ found that Plaintiff was not under a disability during the relevant time period.

## II. The Court's Review

In this action, Plaintiff contends that the ALJ erred (1) by failing to give proper weight to the opinion of Plaintiff's treating physician, Dr. Dubick, and (2) by relying on the Medical-Vocational Guidelines to find that Plaintiff was not disabled and by not having a vocational expert ("VE") testify. In response, the Commissioner asserts that substantial evidence supports the ALJ's determination that Plaintiff was not disabled.

In her Report, the Magistrate Judge considered the issues and rejected Plaintiff's arguments, first finding that the ALJ considered the relevant factors in evaluating the opinion of Plaintiff's treating physician, Dr. Dubick, and that the ALJ provided specific reasons to support his finding that Dr. Dubick's opinion was not consistent with other substantial evidence of record. Next, the Magistrate Judge found that the ALJ adequately relied on Medical-Vocational Rule 202.21 and that it was not necessary for the ALJ to obtain testimony from a VE.

Plaintiff filed written objections to the Magistrate Judge's Report, essentially reiterating the arguments raised in her initial brief. Stated simply, Plaintiff objects to the Magistrate Judge's determination that substantial evidence supports the ALJ's failure to give controlling weight to Dr. Dubick's opinion, and Plaintiff objects to the Magistrate Judge's determination that it was appropriate for the ALJ to rely on the Medical-Vocational

5

Guidelines and that it was not necessary for the ALJ to obtain testimony from a VE. The Court will consider each of Plaintiff's arguments in turn.

### A. Treating Physician Rule

The Commissioner must evaluate all medical opinions and determine the weight to be accorded to each opinion based on the relationship between the physician and the claimant. *See* 20 C.F.R. §§ 404.1527 and 416.927 (2010). Under the regulations in effect at the time relevant to this action, the so-called "treating physician rule" directed the Commissioner to give a treating physician's opinion controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); *Mastro*, 270 F.3d 171, 178 (4th Cir. 2001). However, "if a treating physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996). If the Commissioner decides to give less than controlling weight to the opinion of a treating physician, the Commissioner still must weigh the opinions of the treating physician in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, the supportability of the opinions in the medical record, their consistency, and whether the treating physician is a specialist. 20 C.F.R. § 404.1527(c)(1)-(5).

Here, Plaintiff argues that the ALJ erred in according less weight to the opinions of her treating physician, Dr. Dubick. Plaintiff contends that Dr. Dubick's records show that she had 17 injections for her pain in the lumbar and pubic region during the relevant time period, and Plaintiff also points to a lumbar spine functional capacity questionnaire

6

completed by Dr. Dubick on December 3, 2013, wherein he stated that Plaintiff had a diagnosis of pelvic girdle dysfunction and sacroroiliac and lumbar facet joint dysfunction and that Plaintiff was unable to walk a full block and was unable to stand or sit for more than two hours.

After review, the Court finds Plaintiff's objection without merit. Instead, the Court agrees with the Magistrate Judge that the ALJ's decision indicates that he considered the factors in 20 C.F.R. § 404.1527(c) in assessing Dr. Dubick's opinion, and ultimately, the ALJ cited numerous reasons for finding that Dr. Dubick's opinion was inconsistent with other substantial evidence of record. For instance, the ALJ noted that in contrast to Dr. Dubick's opinion that Plaintiff could not walk a block and could stand for five minutes at a time and sit for 15 minutes at a time, Plaintiff used no assistive device or cane, and Plaintiff was able to take care of and do many activities with her stepson, who has cerebral palsy and is dependent upon Plaintiff. The ALJ noted that Plaintiff took a vacation in 2009, and the records indicate that Plaintiff described the vacation as a "delightful" experience. The ALJ remarked that Dr. Dubick consistently reported Plaintiff's subjective complaints of pain without citing objective medical findings, and that Plaintiff's internist reported that she was in no acute distress. Also, Dr. Dubick declined to identify any clinical findings or test results that supported the functional limitations he indicated in the RFC questionnaire relied upon by Plaintiff. Ultimately, as the Magistrate Judge noted, Dr. Dubick's examinations show a combination of normal and abnormal findings, and in the absence of any explanation from Dr. Dubick of how the objective evidence supported the limitations he assigned to Plaintiff, the Court finds that substantial evidence supports the ALJ's conclusion that Dr. Dubick's opinion was not adequately supported by medically-acceptable clinical and laboratory

diagnostic techniques. Thus, the Court finds that substantial evidence supports the ALJ's decision to give Dr. Dubick's opinion less than controlling weight. Plaintiff's objection is overruled.

## B. VE Testimony

Next, Plaintiff reiterates her argument that the ALJ erred by failing to obtain testimony from a VE and by relying on the Medical-Vocational Guidelines to support his finding that Plaintiff was able to perform jobs that existed in significant numbers. Specifically, Plaintiff asserts that the ALJ should have asked a VE to testify as to the effect of her non-exertional limitations because her functional abilities were compromised by pain, ankle swelling, and depression.

As the Magistrate Judge noted, if a claimant is unable to perform past relevant work, the ALJ must determine whether the claimant can adjust to other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1560( c)(1). In so doing, the ALJ must consider the claimant's RFC in combination with her age, education, and work experience. *Id.* If a claimant has only strength limitations, the ALJ may use the Medical-Vocational Guidelines to support a finding of disabled or not disabled. *Id.* Part 404, Subpart P, App'x 2 § 2000.00. However, "[w]hen a claimant: (1) suffers from a non-exertional impairment that restricts [her] ability to perform work of which [she] is exertionally capable, or (2) suffers an exertional limitation which restricts [her] from performing the full range of activity covered by a work category, the ALJ may not rely on the Grids and must produce specific vocational evidence showing that the national economy offers employment opportunities." *Landrum v. Astrue*, No. 08-2678-TLW-JRM, 2010 WL 558599, at *7 (D.S.C. Feb. 10, 2010), citing *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989).

Here, the ALJ found chronic lumbar pain and dysfunction to be Plaintiff's only severe impairment, and he further found that Medical-Vocational Rule 202.21 applied because Plaintiff's "additional limitations had little or no effect on the occupational base of unskilled sedentary work." (Tr. at 20.) As the Magistrate Judge explained, Medical-Vocational Rule 202.21 directs a decision of "not disabled" for a claimant who has a maximum sustained work capability of sedentary work; is a younger individual between the ages of 45 and 49; is at least a high school graduate; and has a history of semiskilled or skilled work without transferable skills. 20 C.F.R. Part 404, Subpart P, App'x 2 § 202.21.

Ultimately, after review, the Court agrees with the Magistrate Judge that it was appropriate for the ALJ to rely on Medical-Vocational Rule 202.21 in light of the ALJ's other findings, which the Court believes are supported by substantial evidence, as outlined above. Therefore, the ALJ was not required to obtain testimony from a VE under the circumstances. Essentially, the ALJ's decision indicates that he considered Plaintiff's pain in finding that she could perform unskilled sedentary work but considered her complaints not entirely credible and determined that the evidence did not suggest that Plaintiff was incapable of all work activity. In addition, the ALJ determined that the record contained insufficient evidence to find that Plaintiff's depression impacted her vocational abilities or otherwise caused some functional limitation. Likewise, with respect to Plaintiff's ankle swelling, in the absence of any evidence that this occurred frequently or imposed any functional limitation on Plaintiff, the Court agrees with the Magistrate Judge that the ALJ was not required to obtain VE testimony to address this issue. Overall, because the Court has determined that substantial evidence supports the ALJ's decision to give little weight to Dr. Dubick's opinion, the Court finds that it was not necessary for the ALJ to obtain VE

testimony to address any functional limitation of impairments that the ALJ did not include in Plaintiff's RFC. As such, this objection is overruled.

## **CONCLUSION**

Based on the foregoing reasons, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 24) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 30) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

The Honorable Bruce Howe Hendricks
United States District Judge

August 25, 2017
Charleston, South Carolina